1           The Honorable Robert S. Lasnik

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9        AT SEATTLE

10 ROBERT HOLMES, a married individual,
  and MARQUIS INTERNATIONAL
11 HOLDINGS, LLC, a Washington limited  IN ADMIRALTY
  liability company,
12
             Case No. 2:16-cv-01422-RSL
      Plaintiffs,
13
             MODEL STIPULATED PROTECTIVE
14   v.           ORDER

15 YCT. NOVA (WA Registration No.
  WN9647LK), her engines, tackle, apparel, NOTE ON MOTION CALENDAR:
16 appurtenances, etc., *in rem*; YCT.   April 17, 2017
  M SQUARED (Official No. 1202018), her
17 engines, tackle, apparel, appurtenances,
  etc., *in rem*; STEPHEN YADVISH, a
18 married individual, and the marital
  community of Stephen Yadvish and Jodee
19 Frye, *in personam*; YACHTFISH
  MARINE, INC., a Washington
20 corporation, *in personam*; and
  S. B. JOSEPH CLARK, a married
21 individual, and the marital community of
  S. B. Joseph Clark and Jane Doe Clark, *in*
22 *personam*,

      Defendants.
23

24 1.  PURPOSES AND LIMITATIONS

25    Discovery in this action is likely to involve production of confidential, proprietary, or

26 private information for which special protection may be warranted. Accordingly, the parties

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

2   parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

3   protection on all disclosures or responses to discovery, the protection it affords from public

4   disclosure and use extends only to the limited information or items that are entitled to

5   confidential treatment under the applicable legal principles, and it does not presumptively entitle

6   parties to file confidential information under seal.

7   2.     "CONFIDENTIAL" MATERIAL

8        "Confidential" material shall include the following documents and tangible things

9   produced or otherwise exchanged:

10       A.  Personal banking and other financial information of the parties.

11       B.  Private business information that would be considered a trade secret.

12       C.  Information otherwise provided protection from disclosure under the law.

13   3.     SCOPE

14       The protections conferred by this agreement cover not only confidential material (as

15   defined above), but also (1) any information copied or extracted from confidential material; (2)

16   all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

17   conversations, or presentations by parties or their counsel that might reveal confidential material.

18   However, the protections conferred by this agreement do not cover information that is in the

19   public domain or becomes part of the public domain through trial or otherwise.

20   4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

21       4.1    Basic Principles.  A receiving party may use confidential material that is disclosed

22   or produced by another party or by a non-party in connection with this case only for prosecuting,

23   defending, or attempting to settle this litigation. Confidential material may be disclosed only to

24   the categories of persons and under the conditions described in this agreement. Confidential

25   material must be stored and maintained by a receiving party at a location and in a secure manner

26   that ensures that access is limited to the persons authorized under this agreement.

MODEL STIPULATED PROTECTIVE ORDER - 2
(Case No. 2:16-cv-1422-RSL)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1    4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2    ordered by the court or permitted in writing by the designating party, a receiving party may

3    disclose any confidential material only to:

4             (a)    the receiving party's counsel of record in this action, as well as employees

5    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6             (b)    the receiving party and the officers, directors, and employees (including

7    in house counsel) of the receiving party to whom disclosure is reasonably necessary for this

8    litigation, unless the parties agree that a particular document or material produced is for

9    Attorney's Eyes Only and is so designated;

10            (c)    experts and consultants to whom disclosure is reasonably necessary for

11   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

12   (Exhibit A);

13            (d)    the court, court personnel, and court reporters and their staff;

14            (e)    copy or imaging services retained by counsel to assist in the duplication

15   of confidential material, provided that counsel for the party retaining the copy or imaging

16   service instructs the service not to disclose any confidential material to third parties and to

17   immediately return all originals and copies of any confidential material;

18            (f)    during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

21   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

22   be separately bound by the court reporter and may not be disclosed to anyone except as

23   permitted under this agreement;

24            (g)    the author or recipient of a document containing the information

25   or a custodian or other person who otherwise possessed or knew the information.

26

MODEL STIPULATED PROTECTIVE ORDER - 3
(Case No. 2:16-cv-1422-RSL)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

1    4.3    Filing Confidential Material. Before filing confidential material or discussing or

2    referencing such material in court filings, the filing party shall confer with the designating party

3    to determine whether the designating party will remove the confidential designation, whether the

4    document can be redacted, or whether a motion to seal or stipulation and proposed order is

5    warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

6    standards that will be applied when a party seeks permission from the court to file material under

7    seal.

8    5.    DESIGNATING PROTECTED MATERIAL

9    5.1    Exercise of Restraint and Care in Designating Material for Protection.

10    Each party or non-party that designates information or items for protection under this

11    agreement must take care to limit any such designation to specific material that qualifies

12    under the appropriate standards. The designating party must designate for protection only

13    those parts of material, documents, items, or oral or written communications that qualify,

14    so that other portions of the material, documents, items, or communications for which

15    protection is not warranted are not swept unjustifiably within the ambit of this agreement.

16    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

17    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18    unnecessarily encumber or delay the case development process or to impose unnecessary

19    expenses and burdens on other parties) expose the designating party to sanctions.

20    If it comes to a designating party's attention that information or items that it designated

21    for protection do not qualify for protection, the designating party must promptly notify all other

22    parties that it is withdrawing the mistaken designation.

23    5.2    Manner and Timing of Designations. Except as otherwise provided in this

24    agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

25    or ordered, disclosure or discovery material that qualifies for protection under this

26

MODEL STIPULATED PROTECTIVE ORDER - 4
(Case No. 2:16-cv-1422-RSL)

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1    agreement must be clearly so designated before or when the material is disclosed or

2    produced.

3           (a)    Information in documentary form: (e.g., paper or electronic

4    documents and deposition exhibits, but excluding transcripts of depositions or other

5    pretrial or trial proceedings), the designating party must affix the word

6    "CONFIDENTIAL" to each page that contains confidential material. If only a portion or

7    portions of the material on a page qualifies for protection, the producing party also must

8    clearly identify the protected portion(s) (e.g., by making appropriate markings in the

9    margins).

10          (b)    Testimony given in deposition or in other pretrial or trial ~~(RSL)~~

11   proceedings: the parties must identify on the record, during the deposition, hearing, or

12   other proceeding, all protected testimony, without prejudice to their right to so designate

13   other testimony after reviewing the transcript. Any party or non-party may, within fifteen

14   days after receiving a deposition transcript, designate portions of the transcript, or exhibits

15   thereto, as confidential.

16          (c)    Other tangible items: the producing party must affix in a prominent

17   place on the exterior of the container or containers in which the information or item is

18   stored the word "CONFIDENTIAL." If only a portion or portions of the information or

19   item warrant protection, the producing party, to the extent practicable, shall identify the

20   protected portion(s).

21       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

22   failure to designate qualified information or items does not, standing alone, waive the

23   designating party's right to secure protection under this agreement for such material. Upon

24   timely correction of a designation, the receiving party must make reasonable efforts to

25   ensure that the material is treated in accordance with the provisions of this agreement.

26

MODEL STIPULATED PROTECTIVE ORDER - 5
(Case No. 2:16-cv-1422-RSL)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.654.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

3    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

4    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

6    challenge a confidentiality designation by electing not to mount a challenge promptly after the

7    original designation is disclosed.

8        6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

9    regarding confidential designations without court involvement. Any motion regarding

10    confidential designations or for a protective order must include a certification, in the motion or in

11    a declaration or affidavit, that the movant has engaged in a good faith meet and confer

12    conference with other affected parties in an effort to resolve the dispute without court action. The

13    certification must list the date, manner, and participants to the conference. A good faith effort to

14    confer requires a face-to-face meeting or a telephone conference.

15        6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

16    intervention, the designating party may file and serve a motion to retain confidentiality under

17    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

18    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

19    made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

20    other parties) may expose the challenging party to sanctions. All parties shall continue to

21    maintain the material in question as confidential until the court rules on the challenge.

22    7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
          LITIGATION
23
          If a party is served with a subpoena or a court order issued in other litigation that compels
24
      disclosure of any information or items designated in this action as "CONFIDENTIAL," that party
25
      must:
26

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

1          (a)     promptly notify the designating party in writing and include a copy of the

2     subpoena or court order;

3          (b)     promptly notify in writing the party who caused the subpoena or order to

4     issue in the other litigation that some or all of the material covered by the subpoena or order is

5     subject to this agreement. Such notification shall include a copy of this agreement; and

6          (c)     cooperate with respect to all reasonable procedures sought to be pursued

7     by the designating party whose confidential material may be affected.

8     8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

10    material to any person or in any circumstance not authorized under this agreement, the receiving

11    party must immediately (a) notify in writing the designating party of the unauthorized

12    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

13    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

14    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

15    Agreement to Be Bound" that is attached hereto as Exhibit A.

16    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
            MATERIAL
17
           When a producing party gives notice to receiving parties that certain inadvertently
18
      produced material is subject to a claim of privilege or other protection, the obligations of the
19
      receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
20
      provision is not intended to modify whatever procedure may be established in an e-discovery
21
      order or agreement that provides for production without prior privilege review. Parties shall
22
      confer on an appropriate non-waiver order under Fed. R. Evid. 502.
23
      10.   NON TERMINATION AND RETURN OF DOCUMENTS
24
           Within 60 days after the termination of this action, including all appeals, each receiving
25
      party must return all confidential material to the producing party, including all copies, extracts
26

MODEL STIPULATED PROTECTIVE ORDER - 7
(Case No. 2:16-cv-1422-RSL)

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

2    destruction.

3          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

4    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

5    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

6    work product, even if such materials contain confidential material.

7          The confidentiality obligations imposed by this agreement shall remain in effect until a

8    designating party agrees otherwise in writing or a court orders otherwise.

9          IT IS SO AGREED AND STIPULATED, THROUGH COUNSEL OF RECORD.

10          DATED this 17th day of April, 2017.

11

     MILLER NASH GRAHAM & DUNN LLP          CARSON & NOEL, PLLC

12

     By: *s/Jess G. Webster*                   By: *s/Wright A. Noel*
13   By: *s/Drew F. Duggan*                     Wright A. Noel #25264
     Jess G. Webster #11402                     Merryn DeBennedetti #35777
14   Drew F. Duggan #50796                      CARSON & NOEL, PLLC
     MILLER NASH GRAHAM & DUNN LLP          20 Sixth Ave NE
15   2801 Alaskan Way ~ Suite 300              Issaquah, WA 98027
16   Seattle, WA 98121-1128                     Telephone: (425) 395-7786
     Telephone:  (206) 624-8300                 Fax: (425) 837-5396
17   E-mail:  jess.webster@millernash.com
               drew.duggan@millernash.com
18                                             *Attorneys forDefendants Yachtfish Marine,*
19   *Attorneys for Plaintiffs and Counter-*    *Inc. and Stephen Yadvish*
     *Defendants Robert Holmes Marquis*
20   *International Holdings*
                                               HOLMES WEDDLE & BARCOTT, P.C.
21

22                                             By: *s/ John Casperson*
                                               John E. Casperson, WSBA No. 14292
23                                             Heather C. Cook, WSBA No. 48487 Third
                                               Avenue, Suite 2600
24                                             Seattle, WA 98104
                                               Telephone: 206-292-8008
25                                             Facsimile: 206-340-0289
                                               Email:  casperson@hwb-law.com
26                                             *Attorneys for Defendant S. B. Joseph Clark*

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

1

**ORDER**

2          PURSUANT TO STIPULATION, IT IS SO ORDERED.

3          DATED this _19 ᵗʰ_ day of April, 2017.

4

5

6                                        Honorable Robert S. Lasnik
                                         United States District Court Judge
7

8    Presented by:

9    By: _s/Jess G. Webster_
     By: _s/Drew F. Duggan_

10   Jess G. Webster #11402
     Drew F. Duggan # 50796

11   MILLER NASH GRAHAM & DUNN LLP
     2801 Alaskan Way ~ Suite 300

12   Seattle, WA 98121-1128

13   Telephone:  (206) 624-8300
     Fax: (206) 340-9599

14   E-mail:  jess.webster@millernash.com
               drew.duggan@millernash.com

15

16   Attorneys for Plaintiffs and Counter-Defendants
     Robert Holmes Marquis International Holdings, LLC

17

18

19

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER - 9
(Case No. 2:16-cv-1422-RSL)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4848-2933-4854.3

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4       I, _____ [print or type full name], of _____

5       _____

6   [print or type full address], declare under penalty of perjury that I have read in its entirety

7   and understand the Stipulated Protective Order that was issued by the United States  District

8   Court for the Western District of Washington on _____, 201__, in the case

9   of *Robert Holmes, et al. v. Yct. NOVA, et al.*, Case No. 2:16-cv-01422-RSL.  I agree to

10  comply with and to be bound by all the terms of this Stipulated Protective Order and I

11  understand and acknowledge that failure to so comply could expose me to sanctions and

12  punishment in the nature of contempt. I solemnly promise that I will not disclose in any

13  manner any information or item that is subject to this Stipulated Protective Order to any person

14  or entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for  the

16  Western District of Washington for the purpose of enforcing the terms of this Stipulated

17  Protective Order, even if such enforcement proceedings occur after termination of this action.

18

19  Date: _____, 201__.

20  City and State where sworn and signed: Seattle, Washington.

21

22  Printed name: _____

23

24  Signature: _____

25

26

MODEL STIPULATED PROTECTIVE ORDER - 10
(Case No. 2:16-cv-1422-RSL)

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

4848-2933-4854.3