UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER DENYING MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

This matter comes before the Court on "Plaintiffs' Motion to Extend Deadline for Dispositive Motions." Dkt. # 68. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 27 at 2. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will

be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

The deadline for filing dispositive motions in this case was June 13, 2017. Plaintiffs have not justified their belated attempt to file a motion for summary judgment. If defendant Stephen Yadvish's testimony were critical to plaintiffs' ability to seek dispositive relief (a fact which is not supported by the existing record), plaintiffs should have pursued that testimony earlier in the litigation. Plaintiffs have known since October 2016 when its dispositive motions were due, and nothing prevented them from satisfying that deadline. Plaintiffs have not shown that they acted diligently in seeking dispositive relief and have not established good cause for extending the case management deadline.

For all of the foregoing reasons, plaintiffs' motion to extend the dispositive motion deadline is DENIED.

Dated this 14th day of July, 2017.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge