UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER DENYING MOTION FOR
STAY OR CONTINUANCE

This matter comes before the Court on "Defendant Clark's Motion for Partial Stay or in the Alternative to Continue Trial." Dkt. # 63. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

On September 7, 2016, the King County Superior Court entered judgment on a jury verdict in favor of plaintiff Robert Holmes and against defendant Stephen Yadvish. The judgment resolved an ownership dispute between the parties regarding the vessel M SQUARED. Holmes promptly filed this lawsuit seeking to force Yadvish and his company to turn over the vessel and seeking to lift a lien defendant Joseph Clark had recorded against the vessel. The state court judgment is on appeal. Clark seeks a stay or continuance of this litigation until the state court action is finally resolved and/or until Holmes sells the M SQUARED, thereby establishing the quantum of damages at issue.

As part of its inherent power to "control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants," this Court has the power to stay litigation pending resolution of a related proceeding. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). A stay will not be ordered, however, unless the moving party shows that it will provide some advantage in terms of efficiency or fairness. See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Clark argues that "there is a high likelihood" that the jury's determination will be overturned and the case sent back for retrial (Dkt. # 76 at 2), but makes no effort to support that assertion. While crystal ball prognostication regarding litigation outcomes is not required, in the absence of any reason to suspect that delaying the case will work a material benefit, there is no basis for concluding that efficiency or fairness would be advanced by a stay. Staying the litigation until the vessel is sold makes even less sense in the circumstances presented here. Holmes has been asserting his ownership over the vessel for years now and, despite proving that claim in state court, had to file this action to lift Clark's lien and sell the vessel. Defendants' claims and liens cloud the title to the M SQUARED. It is precisely those clouds which Holmes seeks to lift before attempting to sell the vessel so that a fair and unencumbered market price can be obtained.

An open-ended stay until the state appellate court resolves the appeal (which is not yet fully briefed) or until Holmes is forced to sell an encumbered vessel is not justified. Based on the existing record, the harm of delay outweighs the non-existent benefits of the proposed stay. From a judicial economy perspective, this case has proceeded through discovery and is scheduled for trial in a few months. Staying the litigation as to the M

ORDER DENYING MOTION FOR
STAY OR CONTINUANCE - 2

1  SQUARED while proceeding on the claims regarding the vessel NOVA would be
2  inefficient and wasteful.

4      Defendant has failed to establish that a stay or continuance of the trial date would
5  simplify the issues in this case or otherwise promote its efficient resolution. The motion is
6  therefore DENIED.

8      Dated this 14th day of July, 2017.

                */s/ Robert S. Lasnik*
                Robert S. Lasnik
                United States District Judge

ORDER DENYING MOTION FOR
STAY OR CONTINUANCE - 3