UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

Plaintiffs,

v.

YCT. NOVA, *et al.*,

Defendants.

Case No. C16-1422RSL

ORDER DENYING MOTION TO EXCLUDE

This matter comes before the Court on "Defendant Clark's Motion to Exclude Testimony of Plaintiffs' Expert Darryl Heasley." Dkt. # 50. Clark alleges that he supplied necessities to the yacht M SQUARED and that his contributions significantly increased the value of the vessel, giving rise to a claim for damages. The value of the yacht at the time it was returned to plaintiffs is therefore a key issue in this litigation.

Expert reports were due on April 7, 2017. Dkt. # 46. Plaintiffs' original valuation expert, Erik Bentzen, completed his report in August 2016. On the eve of the disclosure deadline, plaintiffs apparently realized that Bentzen had assumed that various recommended repairs and actions would be completed when arriving at his valuation. Plaintiffs requested that Bentzen provide an "as is" valuation, but he was unable or unwilling to do so. Plaintiffs quickly found and disclosed Darryl Heasley as a second expert. Heasley was unable to inspect the vessel before the expert disclosure deadline, however, and his report was served on defendants 25 days after the deadline.

Having reviewed the papers submitted by the parties and the remainder of the record, the Court finds as follows:

1. Heasley's expert report was untimely and will not be admitted unless the failure to timely disclose "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

2. The delay in disclosing plaintiff's valuation evidence was not substantially justified. The defects, if any, in Bentzen's report could have and should have been identified and resolved in the seven months between the time when Bentzen provided his report and the expert disclosure deadline.

3. The delay was, however, harmless. Because of other scheduling difficulties, Clark's rebuttal expert report was not due until after Heasley's report became available. Clark's expert was able to review and respond to Heasley's opinions, and there has been no impact on the other case management deadlines.

4. The valuations provided by the two experts are based on different assumptions and are not, therefore, duplicative. Plaintiffs shall, however, make every effort to present only those opinions that are germane to the issues in this case. Objections based on relevance, duplication, waste of time, and confusion can be made at trial in the context of individual questions.

For all of the foregoing reasons, Clark's motion to exclude the opinions of Darryl Heasley is DENIED.

DATED this 6th day of September, 2017.

Robert S. Lasnik
United States District Judge