UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' Stephen Yadvish and Yachtfish Marine, Inc.'s Motion for Partial Summary Judgment." Dkt. # 51. Plaintiffs initiated this litigation to obtain possession of two vessels that were, at the time, being held by defendants, to recover damages allegedly caused by Yachtfish Marine, Inc.'s conversion of the vessels, and to clear any and all maritime liens asserted by defendants against the vessels. Defendants argue that certain claims and issues have been finally resolved against plaintiffs and seek partial summary judgment based on a jury verdict in a related state court proceeding. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] These issues can be resolved on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

**A. First Cause of Action: Supplemental Rule D Possessory Relief**

Defendants have turned over possession of the vessels to plaintiffs. The first claim for relief is therefore DISMISSED as moot.

**B. Second Cause of Action: Conversion**

In the state court proceeding, plaintiff Marquis International Holdings, LLC ("MIH") asserted a counterclaim for conversion against defendants Yadvish and Yachtfish Marine, Inc. ("YMI") regarding their use and possession of the vessel M SQUARED.[2] Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the same claim between the same parties. Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir. 2016). The doctrine applies when a claim is raised or could have been raised in the prior action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Here, the conversion claim against Yadvish and YMI was actually raised and then abandoned. There is no explanation for why plaintiffs failed to preserve the issue through trial: they may not revive the claim at this point. Plaintiffs' conversion claim regarding the vessel M SQUARED is therefore DISMISSED.

A conversion claim against defendant Clark would not be barred by res judicata. The claim was not asserted in the state court proceeding and there is no indication that Clark had asserted a lien or otherwise wilfully interfered with plaintiffs' possessory rights until after the deadline for adding parties in the state action had passed.[3] Regardless, plaintiffs have not asserted a claim for conversion against Clark in this litigation. The Second Cause of Action is specifically directed at defendant YMI and may be pursued

---

[2] Plaintiffs' did not assert a conversion claim regarding the vessel NOVA in the prior proceeding.

[3] In reply, defendants point out that Holmes knew Clark had loaned Yadvish money to work on the M SQUARED as early as September 29, 2015. Dkt. # 58 at 3. The existence of a debt is not conversion, however, and defendants make no attempt to show that a conversion claim could have been asserted against Clark before November 25, 2015.

only against that defendant and only with regards to the NOVA.

**C. Third Cause of Action: Supplementary Rule D Declaratory Relief**

In this litigation, plaintiffs seek a declaration that Holmes is the sole owner of the vessel NOVA and that MIH is the sole owner of the vessel M SQUARED, free and clear of any maritime lien asserted by defendants Yadvish, YMI, and/or Clark. In their motion, defendants argued that this claim is barred by the doctrine of claim preclusion and judicial estoppel. They subsequently withdrew their motion on these grounds. Dkt. # 58 at 4.

**D. Damage Award**

To the extent that a conversion claim can be pursued in this litigation, a monetary remedy in the form of damages may be appropriate. Defendants' request for an order barring plaintiffs from seeking damages in this lawsuit is DENIED.

**E. Issue Preclusion**

The state court jury determined that there was no joint venture agreement or contract between Yadvish/YMI and Holmes/MIH, but that Yadvish/YMI defrauded Holmes, resulting in damages of $66,196.50. These damages correspond to the amount Holmes paid to transport the M SQUARED from Florida to Washington. The jury found that there were no fraudulent or negligent misrepresentations made to MIH.

Defendants argue that these findings necessarily resolved two factual issues: (1) whether defendants agreed to perform work on the M SQUARED at a reduced hourly rate and (2) whether defendants agreed to cap the fees and expenses incurred in repairing the M SQUARED. The jury was not asked either of these questions, and the special verdict form is too vague to require the inferences defendants would like to draw. It is entirely possible that the jury found that Yadvish and/or YMI lied to Holmes regarding the terms on which the repair work would be done, causing Holmes to purchase the M SQUARED and have it shipped to Washington. While that is not the only inference

one could glean from the special verdict form, it is a reasonable explanation for the damage award at issue here. The Court will not attach or attribute a meaning to the jury's verdict that is not compelled by answers provided, especially when other explanations are at least as plausible.

For all of the foregoing reasons, defendants' motion for partial summary judgment is GRANTED in part to the extent that (a) plaintiffs' claims for possessory relief are DISMISSED as moot and (b) plaintiffs are barred from pursuing a conversion claim regarding the vessel M SQUARED. The motion is DENIED in all other respects.

DATED this 6th day of September, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4