UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

  v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE

This matter comes before the Court on "Plaintiffs' Motion in Limine." Dkt. # 79. In September 2016, a state court jury determined that there was no joint venture agreement or contract between Yadvish/Yachtfish Marine, Inc. ("YMI"). and Holmes/Marquis International Holdings, LLC ("MIH") and that MIH is the rightful owner of the vessel M SQUARED. Dkt. # 100-1. Plaintiffs seek to exclude evidence and testimony offered to prove that there was a joint venture agreement or that Yadvish/YMI had an ownership interest in the vessel.

The doctrine of collateral estoppel "promotes judicial economy and serves to prevent inconvenience or harassment of parties. Also implicated are principles of repose and concerns about the resources entailed in repetitive litigation." Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 306-07 (2004). Defendant S.B. Joseph Clark opposes plaintiff's motion to exclude evidence, arguing that the issues decided in the

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE - 1

earlier proceeding are not directly at issue in this litigation, that he was not in privity with Yadvish/YMI, and that it would be unjust to apply collateral estoppel in the circumstances presented here. See Reninger v. State Dep't of Corrs., 134 Wn.2d 437, 449 (1998) (stating the "well-known" elements of collateral estoppel). The Court disagrees. Clark has asserted a maritime lien against the M SQUARED as the subrogee of YMI and/or as the provider of funds to pay for necessities for the vessel. Yadvish/YMI's interest in the M SQUARED is a critical issue of fact with regards to this claim if, as appears to be the case, Clark intends to argue that he advanced money for the payment of necessities at the request of the vessel master or one entrusted with her management. The issues decided earlier -- that Yadvish/YMI is not the owner of the M SQUARED and that Yadvish/YMI were not in a partnership with the owner -- are relevant to this analysis in that they limit the ways in which Clark can support his claim of entitlement to a maritime lien.[1]

To the extent Clark claims that he has succeeded to the interests of Yadvish/YMI as holder of a maritime lien, the privity element of collateral estoppel is also met. Strict identity of the parties is not necessary if there is sufficient commonality of interest. In re Pearsall-Stipek, 136 Wn.2d 255, 261-62 (1998).

> Federal courts have deemed several relationships sufficiently close to justify a finding of privity and, therefore, preclusion under the doctrine of res judicata: First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party. Second, a non-party who controlled the original suit will be bound by the resulting

---

[1] Clark has also asserted claims that do not turn on whether Yadvish/YMI had an ownership interest in the M SQUARED and argues that collateral estoppel is therefore inapplicable. If the state court's ownership determination is not relevant to a particular claim, there is no reason to suspect that the parties will attempt to relitigate the issue: a finding regarding collateral estoppel will make no difference as to those claims. To the extent the parties pursue a claim or defense that requires proof of ownership, however, that issue is identical to the one decided in state court and estoppel may be appropriate.

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE - 2

judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit. In addition, privity has been found where there is a substantial identity between the party and nonparty, where the nonparty had a significant interest and participated in the prior action, and where the interests of the nonparty and party are so closely aligned as to be virtually representative. Finally, a relationship of privity can be said to exist when there is an express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues.

Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1082 (9th Cir. 2003) (internal quotation marks and citations omitted).[2] In this case, Clark claims to have obtained its maritime lien by subrogation through or from Yadvish/YMI. He is therefore the successor of an interest that was diligently pursued in the state litigation: he cannot now relitigate an issue that his predecessor-in-interest litigated and lost. In addition, Clark's interest in the prior litigation was significant (one of his claims for recovery of the $670,000 he put into the repair and refurbishment of the M SQUARED depends in large part on Yadvish/YMI's rights in the vessel) and he participated in the prior action on Yadvish/YMI's behalf. Privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). The Court makes such a finding here.

Finally, there are no procedural irregularities in the state litigation that would make it unfair to bind Clark by the jury's determination in that case.

For all of the foregoing reasons, plaintiff's motion in limine is GRANTED. The parties are collaterally estopped from attempting to prove that there was a joint venture or

---

[2] Both res judicata (otherwise known as claim preclusion) and collateral estoppel (otherwise known as issue preclusion) require privity between the parties. U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008).

partnership between Yadvish/YMI and Holmes/Marquis International Holdings related to the vessel M SQUARED or that MIH is not the rightful owner of the vessel.

Dated this 23rd day of April, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge