UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER DENYING PLAINTIFFS' MOTION TO PHASE TRIAL

This matter comes before the Court on "Plaintiffs' Motion to Phase Trial." Dkt. # 89. Plaintiffs request that, before the parties are put to the task of proving what, if any, benefit defendant S.B. Joseph Clark provided to the owner of the vessel M SQUARED, the Court determine two issues of fact regarding (a) when Robert Holmes withdrew Yachtfish Marine, Inc.'s authorization to work on the M SQUARED and (b) Clark's motivation in providing funds to continue the work. Clark opposes the motion.

Pursuant to Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Bifurcation is the exception rather than the rule of normal trial procedure: Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. Fed. R. Civ. P. 42 Advisory Committee's Note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]"). Whether to bifurcate

ORDER DENYING PLAINTIFFS'
MOTION TO PHASE TRIAL - 1

proceedings is left to the Court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). The moving party has the burden of proving that bifurcation would be appropriate. Karpenski v. Am. Gen. Life Cos., LLC, 916 F. Supp.2d 1188, 1190 (W.D. Wash. 2012). It has not done so here.

Plaintiffs do not argue that it would be more convenient or less prejudicial to phase the trial of this case. Rather, plaintiffs argue that time and money could be saved if the Court were to rule in plaintiffs' favor in the first phase of the trial, thereby obviating the need to present expert and lay testimony regarding damages. This matter is set for a four day bench trial, starting May 14th. The factual issues plaintiffs would like to have resolved in a first phase of testimony are not as discrete as plaintiffs present them, and they may not be the only factual issues that would have to be resolved to adjudicate liability in this case. In addition, the Court is not convinced that the quantum of evidence necessary to prove the value of repairs is exceptional. Trying certain factual issues, disbanding while the Court writes its findings of fact and conclusions of law, then restarting the trial to resolve any residual factual issues and/or damages would, in all likelihood, take more than the four days that are currently scheduled for trial. The chance that bifurcation may save one trial day does not warrant phasing of this matter.

For all of the foregoing reasons, plaintiffs' motion is DENIED.

Dated this 23rd day of April, 2018.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO PHASE TRIAL - 2