UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER DENYING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on "Defendant Clark's Motion to Compel Supplemental Discovery Responses." Dkt. # 90. Two months before the trial date, defendant S.B. Joseph Clark reached out to plaintiffs to obtain updated discovery responses, particularly regarding repairs and work that had been done on the vessel M SQUARED since discovery responses were last provided. Plaintiffs promised to provide updates and asked Clark to supplement his discovery responses in turn. There were some delays and difficulties in plaintiffs' attempts to obtain recent work invoices: plaintiffs were out of the country and had limited connectivity, making it difficult to communicate with service providers. Clark supplemented his discovery responses on March 20, 2018, and filed this motion to compel on March 29, 2018, as a place holder.[1]

---

[1] Clark requested a teleconference on March 23rd when it became clear that plaintiff's timetable for production would make a motion to compel virtually impossible. Plaintiffs, who had already promised to provide or assist Clark in obtaining the documents, did not think a

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 1

With plaintiffs' assistance and authorization, he has been able to obtain information via subpoena directly from the third-party vendors.[2] The portion of the motion to compel seeking production of documents is therefore DENIED as moot.

One month before trial, Clark notified plaintiffs that, if any work had been done on the M SQUARED since his expert inspected the vessel in May 2017, he wanted "to reinspect the vessel to see its current condition prior to trial." Dkt. # 91-5 at 2. Plaintiffs objected, noting that "[a]ny increase in value due to further work performed at the owner's expense since that time has nothing to do with your client's claim of a maritime lien or enrichment provided by your client at an earlier time." Dkt. # 91-11 at 1.[3] Despite plaintiffs' objection, Clark made no attempt to explain how or why plaintiffs' post-recovery repairs, renovations, and/or maintenance activities are relevant.[4] Instead, Clark simply insists that "[t]he relevancy of the vessel's current condition cannot be disputed." Plaintiffs have, in fact, disputed its relevance. Regardless of who has listed the service records as trial exhibits, in bringing this motion to compel, Clark bears the burden of showing that the requested discovery is relevant. He has not done so.

---

conference was necessary. Despite not having an in-person or telephonic conference, Clark filed this motion when the production issues were not resolved by Thursday, March 29th. Although the purposes of the meet and confer requirement were not fully achieved in this case, given the circumstances, Clark will not be penalized for attempting to bring this matter to the Court's attention in a timely manner. Plaintiffs' request for an award of fees is DENIED.

[2] Plaintiffs also made their valuation expert available for deposition.

[3] Plaintiffs also noted that the invoices of service providers Clark had requested were both "irrelevant and disproportionate to your client's claim." Dkt. # 91-10 at 2. They did not, however, object to the third-party subpoenas issued to the service providers.

[4] This omission is particularly striking given that the Court previously described "[t]he value of the yacht <u>at the time it was returned to plaintiffs</u>" as a key issue in this litigation. Dkt. # 82 at 1 (emphasis added).

1 | For all of the foregoing reasons, Clark's motion to compel another inspection of the M SQUARED is DENIED.[5]

Dated this 23rd day of April, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] Clark suspects that plaintiffs' expert has updated his report and valuation of the M SQUARED. Pursuant to Fed. R. Civ. P. 26(e)(2), any changes in Mr. Heasley's report would have had to be produced by the time plaintiff's pretrial disclosures were due. Failure to timely supplement would result in exclusion of the updated report.