UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT HOLMES, *et al.*,

    Plaintiffs,

    v.

YCT. NOVA, *et al.*,

    Defendants.

Case No. C16-1422RSL

ORDER REGARDING
PLAINTIFFS' SECOND MOTION
IN LIMINE

This matter comes before the Court on plaintiffs' "Motion in Limine - Exclusion or Limitation of Testimony of Attorney R. Bruce Johnston." Dkt. # 93-1. Johnston, who formerly advised both the Yadvish defendants and defendant S.B. Joseph Clark regarding their work on and investments in the yacht M SQUARED, was identified as a potential witness by the Yadvish defendants to testify about work that was to be performed pursuant to a state court order. The Yadvish defendants settled their dispute with plaintiffs. Defendant S.B. Joseph Clark did not disclose Johnston as a potential witness in either his initial or supplemental disclosures under Fed. R. Civ. P.26(a).[1] On August 10, 2017, Clark listed Johnston as a witness in his pretrial statement to "testify regarding his dealings with Mr. Clark regarding the repair and refurbishment to the M SQUARED, . . .

---

[1] To the extent Clark is relying on vague disclosures of "all witnesses identified or disclosed by all parties" in the state court action (Dkt. # 94-1 at 4 and Dkt. # 94-2 at 5), the disclosures are insufficient under Rule 26(a)(1)(i).

ORDER REGARDING PLAINTIFFS'
SECOND MOTION IN LIMINE - 1

regarding contacts he had with Jess Webster [plaintiffs' counsel] about work on the M SQUARED, and matters relative to the state court trial." Dkt. # 107-7 at 3. On April 5, 2018, plaintiffs filed this motion to exclude Johnston from testifying or to limit his testimony to the "agreement reached with Mr. Webster regarding authorized work to be performed on the M SQUARED during the course of litigation," the only topic disclosed by the Yadvish defendants. Dkt. # 94-3 at 7.

It is undisputed that Johnston was not timely disclosed under Rule 26(a). Pursuant to Rule 37(c)(1), a party who fails to identify a witness under Rule 26(a) "is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Clark offers no explanation or justification for his failure to identify Johnston as a potential witness or to identify the topics about which he might testify. He seems to be arguing that the failure to disclose was harmless because plaintiffs were aware of Johnston and have identified as exhibits correspondence between Johnston and their counsel. The fact that plaintiffs knew that Johnston has personal knowledge of the events giving rise to Clark's claim against the vessel would not put plaintiffs on notice that Clark intended to call Johnston at trial and would not disclose the topics about which he would be called to testify.

In normal circumstances, a disclosure made for the first time in the pretrial statement deprives the opposing party of its opportunity to conduct discovery or otherwise prepare to meet the newly-disclosed testimony, justifying exclusion. That is not the case here, however. Because the trial was continued, Clark's disclosure, though untimely, did not preclude an orderly investigation of the new testimony. Plaintiffs have been aware of Clark's intention to call Johnston to testify at trial for eight months and could have sought a ruling on admissibility in their initial motions in limine. Instead, plaintiffs waited until five weeks before trial was scheduled to begin to file this motion and have rejected Clark's offer to make Johnston available for deposition. The Court

declines to credit a harm that could easily have been avoided.

Plaintiffs assert that if Johnston is permitted to testify "it may be necessary to substitute counsel for plaintiffs for trial, which would be disruptive and cause plaintiffs to suffer substantial prejudice." Dkt. # 93-1 at 6. Although no authority or analysis is provided, the Court assumes plaintiffs are contemplating the impact of RPC 3.7, which bars a lawyer from acting as an advocate in a proceeding in which he or she is likely to be a necessary witness unless one of four exceptions applies. Whether Johnston will be permitted to testify regarding his correspondence with plaintiffs' counsel, whether counsel's testimony will be necessary to counter whatever Johnston might say, and whether an exception to RPC 3.7 applies cannot be determined on the current record.

For all of the foregoing reasons, plaintiffs' motion to exclude R. Bruce Johnston from testifying at trial is taken under advisement. If Clark intends to call Johnston as a witness at trial, the Court finds that he has waived the attorney-client privilege as to all matters having to do with the M SQUARED. Clark shall notify plaintiffs' counsel of his decision regarding whether to call Johnston as a witness within 24 hours of the date of this order, and the parties shall cooperate in scheduling and conducting Johnston's deposition on or before May 9, 2018. Clark shall file a detailed, written offer of proof regarding Johnston's expected testimony by noon on Friday, May 11, 2018. The parties will be given an opportunity to argue the admissiblity and impact of the proffered testimony before Johnston is called to the stand.

Dated this 27th day of April, 2018.

Robert S. Lasnik
United States District Judge